**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AAMCO TRANSMISSIONS, LLC, f/k/a
AAMCO TRANSMISSIONS, INC.,

       *Petitioner,*

       v.

A PLUS TECH, INC. and SUNG BONG CHO,

       *Respondents.*

CIVIL ACTION
NO. 25-6327

**Pappert, J.**                                                                                              **March 13, 2026**

**MEMORANDUM**

    AAMCO Transmissions, LLC arbitrated claims against A Plus Tech, Inc. and

Sung Bong Cho for breaching a franchise agreement and related personal guarantees.

An arbitrator entered judgment in favor of AAMCO, and AAMCO petitioned the Court

to confirm the arbitration award.[1]  The Court grants the petition.

I

    AAMCO franchises a brand of total auto care centers that operate throughout

the United States.  (Pet. ¶ 1, Dkt. No. 1.)  In September of 2015, Mr. Cho and A Plus

Tech, a corporation he owns, entered into a franchise agreement with AAMCO. (*Id.*

¶¶ 2, 6); *see generally* (Franchise Agreement, Pet. Ex. A).  The agreement provided that

"[a]ny claim arising out of or related to this Agreement . . . shall be finally settled by

---

[1]      AAMCO served A Plus Tech and Mr. Cho with the petition on January 8, 2026.  (Affs. of
Serv., Dkt. Nos. 7–8.)  Acting *pro se*, they moved on January 29 for an additional thirty days to
respond and seek a lawyer.  (Resp't's Mot. for Extension of Time to Respond, Dkt. No. 9.)  The Court
granted the motion and ordered a response on or before March 2, 2026.  (Jan. 30, 2026 Order, Dkt.
No. 11.)  A Plus Tech and Mr. Cho have neither filed a response nor sought additional time to do so.

1

arbitration conducted in accordance with the then-current JAMS rules for arbitration of disputes." (Franchise Agreement at 39, § 26.3.) An award issued by an arbitrator:

> [S]hall be in writing and shall be final and binding upon the parties and judgment upon the award of the arbitration may be entered in the court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of the award or an order of enforcement, and the parties submit themselves to the jurisdiction of any such competent jurisdiction for the entry and enforcement of the award.

(*Id.*, § 26.3(d).)

AAMCO submitted a demand for arbitration to JAMS on September 13, 2023, claiming A Plus Tech and Mr. Cho breached the franchise agreement and related personal guarantees. (Pet. ¶ 8.) JAMS appointed Judge John J. Hughes as the arbitrator, and he held an evidentiary hearing on AAMCO's claims on September 27, 2024. (*Id.* ¶ 10.) After considering witness testimony and exhibits, Judge Hughes issued a final award in favor of AAMCO on November 8, 2024. He ordered A Plus Tech and Mr. Cho to jointly and severally pay AAMCO $337,195.19 in damages and $18,187.50 in prepaid arbitrator fees within 180 days. (*Id.* ¶¶ 11–12); (Nov. 8, 2024 Final Award at 56, Pet. Ex. B.)

## II

Under the Federal Arbitration Act, a district court can "confirm, vacate, or modify" an arbitration award "under a narrow scope of judicial review." *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 251 (3d Cir. 2020) (citing 9 U.S.C. § 9). Section 9 of the FAA governs arbitration awards and provides in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an

order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Sections 10 and 11 allow the Court to vacate, modify, or correct an award in "exceedingly narrow circumstances." *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003). Section 10 states a district court may vacate an award where the award was procured by "corruption, fraud, or undue means" or the arbitrators acted with "evident partiality or corruption," were "guilty of misconduct," or "exceeded their power." *See* 9 U.S.C. § 10. Under § 11, a district court may modify or correct an award where there was "an evident material" miscalculation or mistake, the arbitrators "awarded upon a matter not submitted to them," or the award "is imperfect in matter of form not affecting the merits of the controversy." *See Id.* § 11.

Confirming an arbitration award, according to the Supreme Court, "carries no hint of flexibility." *See Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008). The analysis "begin[s] with the presumption that the award is enforceable." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012). Absent any dispute about the award, "[b]y a truncated summary proceeding, the FAA directs district courts to give their imprimatur to arbitration awards by converting them into enforceable judgments of the court." *Teamsters Loc. 177*, 966 F.3d at 255. The party challenging the arbitration award has the burden to establish the grounds to vacate, modify, or correct the award, and they are required to do so within three months of the date of the award. *See* 9 U.S.C. § 12.

### III

The franchise agreement provided that a final award "shall be final and binding upon the parties," and "judgment upon the award . . . may be entered in the court

3

having jurisdiction . . . and the parties submit themselves to the jurisdiction of any such competent jurisdiction for the entry and enforcement of the award." (Franchise Agreement at 39, § 26.3(d).) The agreement specifies that arbitration between the parties "shall be in Philadelphia, Pennsylvania." (*Id.* § 26.3(a).) AAMCO, A Plus Tech and Mr. Cho arbitrated the case in Philadelphia, *see generally* (Final Award), and AAMCO filed its petition consistent with the franchise agreement. Judge Hughes entered judgment on November 8, 2024, *see* (*id.* at 56), and AAMCO timely filed the petition on November 7, 2025, (Dkt. No. 1.)

A Plus Tech and Mr. Cho have not met their burden to vacate, modify or correct the award. Neither party challenged the final award within the requisite three-month period the FAA requires. *See* 9 U.S.C. § 12 (requiring a party challenge a final award "within three months after the award is filed or delivered"); *see also Serv. Emps. Int'l Union, Loc. No. 36, AFL-CIO v. Off. Ctr. Servs., Inc.*, 670 F.2d 404, 412 (3d Cir. 1982) ("[I]f a defendant has important defenses to an arbitration award he should raise them within the period prescribed for actions to vacate rather than wait to raise them as defenses in a confirmation proceeding."). The Court ordered them to file a response to the petition by March 2, 2026, *see* (Jan. 30, 2026 Order), but they never did. They provide no reason to second-guess the final award, nor does the petition or the attached exhibits suggest the award should be vacated, modified or corrected for the "exceedingly narrow circumstances" enumerated in §§ 10 and 11. *See Dluhos*, 321 F.3d at 370. And district courts have enforced arbitration awards nearly identical to this one. *See, e.g., ., AAMCO Transmissions, LLC v. Stupar*, No. 25-cv-2014, 2025 WL 3218285 (E.D. Pa. Nov. 18, 2025); *AAMCO Transmissions, LLC v. Winard*, No. 20-6114, 2021 WL 2646887

(E.D. Pa. June 28, 2021); *AAMCO Transmissions, LLC v. O'Neill*, No. 20-5638, 2021 WL 214300 (E.D. Pa. Jan. 21, 2021); *AAMCO Transmissions, Inc. v. Sally*, No. 8-151, 2008 WL 5272449 (E.D. Pa. Dec. 17, 2008).

      An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.
